UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:06CV1404 CDP ) |
| RAY COIBION, et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This is an action to collect delinquent fringe benefit contributions on behalf of the Construction Laborers Benefit Funds under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the Employee Retirement Income Security Act, 29 U.S.C. § 1132. Plaintiffs have moved for summary judgment based upon an audit of defendants' business records. Although defendant Ray Coibion has filed an affidavit in support of his opposition to this motion, he has not presented any specific evidence to counter plaintiff's claims. Based on the evidence before me, I will grant plaintiffs' motion for summary judgment.

## Discussion

In determining whether summary judgment should issue, I must view the

facts and inferences from the facts in the light most favorable to the defendants. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Plaintiffs have the burden to establish both the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once plaintiffs have met this burden, defendants cannot rest on the allegations in their pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

Plaintiffs submitted a copy of the signature page of a benefit fund agreement signed by defendant Ray Coibion on behalf of C&C Concrete. The parties' agreement encompassed work including: the handling of concrete, the handling of materials to and from mixers, the operating of skid steer loaders, trenchers and tractors of 55 horsepower or less. The agreement contains an "evergreen clause" that provides for automatic renewal of the agreement unless notice of non-renewal is given by C&C Concrete. No notice of non-renewal was ever received by the plaintiffs, and so defendant C&C Concrete continues to be bound by the

agreement. Under the agreement, C&C Concrete was required to make contributions to the Laborers Funds on the basis of all hours worked by covered employees, to submit monthly contribution report forms, and to pay 10% liquidated damages on delinquent contributions. ERISA requires delinquent employers to pay plaintiffs' attorney fees and costs.

Plaintiffs hired the accounting firm of Wolfe-Nilges-Nahorski to perform an employer payroll compliance examination of C&C Concrete covering the time period of April 2001 to October 2004. Brad Soderstrom was the accountant who performed this examination. Soderstrom determined that C&C Concrete owed $41,995.45 in back contributions, $4249.79 in liquidated damages, and $9321.32 in interest through November 30, 2006. Soderstrom provided Coibion a copy of his preliminary report and gave him an opportunity to dispute the findings of the report but did not receive a response from Coibion. In his report, Soderstrom indicated several employees whose job duties caused them to fall under the category of laborers.

Coibion now disputes that his employees were laborers, but instead characterizes them as concrete finishers. The only evidence in support of this claim is Coibion's affidavit. Although I granted Coibion's request for more time to file additional evidence in support of his opposition, he did not file anything

else. His affidavit does not contain any specific facts describing the work that was done by any of the employees in question. Instead, he makes conclusory statements that the employees were acting as "finishers" instead of as laborers and that his grandson did "odd work around the house and handiwork." He further relies upon an alleged agreement with the union that only two of his employees would be considered laborers, but no such oral modifications to the contract are allowed under federal law. See Central States, Southeast and Southwest Areas Pension Fund v. Joe McClelland, Inc., 23 F.3d 1256, 1257 (7th Cir. 1994).

The evidence provided by Soderstrom meets the plaintiffs' burden of raising genuine questions about the accuracy of C&C Concrete's records so that the burden shifts to C&C Concrete to come forward with evidence of the precise nature and amount of work performed. See Trustees of I.B.E.W. Local Union 405 Deferred Savings Fund v. Duball Elec. C, Inc., 2005 WL 3973836, at *6 (N.D. Iowa Dec. 13, 2005) (citing Brick Masons Pension Trust v. Indust. Fence & Supply, 839 F.2d 1333, 1338 (9th Cir. 1998). It is clear from Soderstrom's report that at least some employees did laborer's work for which no contributions were made. Because Coibion's affidavit does not contain any specific evidence that could be used to meet C&C Concrete's burden, plaintiffs are entitled to judgment as a matter of law.

The evidence presented by plaintiffs demonstrates that defendants owe a total of $55,566.56 in late contributions, liquidated damages, and interest through November 30, 2006. Plaintiffs have recovered $6858.60 from defendants. Additionally, plaintiffs have incurred $1351.00 in accounting fees, $685.00 in attorneys' fees, and $704.75 in court costs, all of which defendants are liable for in this action. As a result, plaintiffs are entitled to judgment in a total amount of $51,448.71.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for summary judgment [#11] is granted.

A Separate Judgment will be entered this same day in accordance with this Memorandum and Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2007.